# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

-against-

**Norbert Morgan,**

**Defendant.**

**DEFENDANT'S SENTENCING MEMORANDUM**

**Case No.**   **1:24-CR-222 (AMN)**
**1:05-CR-539 (AMN)**

## Preliminary Statement

Norbert Morgan comes before this court for sentencing following a plea of guilty on May 24, 2024, to a two count information charging him with Distribution of Child Pornography in violation of 18 U.S.C. §2252A(a)(2)(A) and Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5)(B). *See* Information, Dkt. #22. This plea was entered into pursuant to a written plea agreement. *See* Plea Agreement, Dkt# 24, hereinafter "PA." He is currently scheduled for sentencing in Albany, NY on October 22, 2024 at 1:30PM.

## The Sentencing Framework

I.    The Factors to Be Considered in Imposing Sentence

Congress has set forth specific factors the court should consider before imposing a sentence. Title 18 U.S.C. § 3553 (a) directs the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)      to provide the defendant with the needed educational or vocational training, medical

care, or other correctional treatment in the most efficient manner.

*See*, 18 U.S.C. § 3553 (a)(2).

In fashioning such a "sufficient, but not greater than necessary sentence", the court must

consider the nature and circumstances of the offense and the history and characteristics of the

offender; the kinds of sentences available; and the sentencing range established by the guidelines.

See, 18 U.S.C. § 3553 (a)(1),(3),(4).

<u>The Nature and Circumstances of the Offense</u>

The nature and circumstances of Mr. Morgan's offense are adequately laid out in the PA,

pages 7-11.  The presentence investigation report, (hereinafter "PSIR") Dkt #30 ¶¶ 1-27, provides

substantially more information that is strictly necessary to establish each of the enhancements, PSIR

¶¶ 33-47, that put Mr. Morgan's offense level a mere two levels below the maximum. [1]

<u>History and Characteristics of the Defendant</u>

Mr. Morgan's up family upbringing was nothing short of a nightmare with child sexual abuse

seemingly running rampant, despite Mr. Morgan's attempts to downplay it stating he cannot recall

any of the specifics. *See* PSIR, at ¶74.  Mr. Morgan is now 54 years old with several physical as well

as mental health conditions, *see* PSIR, at ¶¶ 76 – 90, and he also has unsurprisingly also struggled

with substance abuse, *see* PSIR at ¶¶91-94.

---

[1] Strictly speaking, the Adjusted Offense Level prior to application of the adjustments for acceptance of responsibility pursuant to U.S.S.G. §3E1.1, is literally off the chart. *See* PSIR ¶43.

Sentences Available and Application of the Sentencing Guidelines

For Count 1, the mandatory minimum sentence is 15 years, and the maximum term is 40 years and Count 2 has a minimum term of 10 years with a maximum term of 20 years.

Mr. Morgan's total offense level is 41, PSIR at ¶47, and his criminal history category is III, PSIR at ¶68. This results in a guideline range of imprisonment of 360 months to life. Since the statutorily authorized maximum sentence for Count 1 is not less than the minimum of the applicable guideline range the sentences for both counts, in the information as well as the violation of supervised release, *see* 1:05-CR-539 (AMN), Dkt#40, can all run concurrently. *See* U.S.S.G. §5G1.2(d).

Analysis and Recommendation

Mr. Morgan's upbringing no doubt had a significant impact on him and is a contributing factor to his predilection for this particular criminal activity. His physical and mental health is not well and the likelihood that he will survive the mandatory minimum sentence is low.

**Conclusion**

The government seeks a sentence of 32 years followed by a lifetime of supervised release, but Congress directs that a sentence be not greater than necessary to comply with the purposes of sentencing, to wit, to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrence, protect the public from future crimes and provide the defendant with needed educational, vocational, medical or other corrective treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

In this case, a sentence of incarceration of 180 months followed by a lifetime of supervised release is sufficient but not greater than necessary to comply with the purposes of sentencing as required by Congress.

DATED: October 10, 2024

Lisa Peebles
Federal Public Defender

By _____
Matthew E. Trainor, Esq.
Assistant Federal Public Defender
Bar # 105643
54 State Street, STE 310
Albany, New York 12207
Tel: (518) 436-1850
Fax: (518) 436-1780
matthew_trainor@fd.org

**Certificate of Service**

I, Matthew E. Trainor, attorney of record for the above-named defendant, hereby certify that on October 10, 2024, I electronically filed the foregoing Sentencing Memorandum, with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to Benjamin S. Clark, Assistant U.S. Attorney.

by: _____
Matthew E. Trainor, Esq.
Assistant Federal Public Defender
Bar Roll No. 105643
54 State St, STE 310
Albany, New York 12207
Tel: (518) 436-1850
Fax: (518) 436-1780
matthew_trainor@fd.org